Otto C. Jaeger, S.
This is a motion by the Attorney-General to vacate an order dated April 12, 1971 which directed that letters testamentary issue to two individuals to act in conjunction with the decedent’s widow to whom letters had previously been issued. The individuals were designated as executors by the widow and the order was made upon her petition. In the petition she alleged her authority to appoint coexecutors under the terms of the will and alleged that the persons appointed by her were familiar with the complex financial affairs of the decedent who had left an estate valued at approximately $20,000,000.
In his will the decedent left all tangible personal property and all real property to his widow. All the rest of the estate is divided into two parts. One part, consisting of a fractional share to be determined according to a marital deduction formula, is bequeathed to the widow, outright. The other part, consisting of the balance, is bequeathed to designated charities, outright. The order of April 12, 1971 was made with the written consent of all of the charities.
The Attorney-General argues (1) that the order is invalid in that no notice of the application was given to him and (2) that what was done is contrary to the provisions of the will.
There is no statutory requirement that whenever a charity has an interest in an estate the Attorney-General must be served with notice of an application for letters. Nevertheless, by sign *911 ing the order to show cause bringing on this motion, the court has given the Attorney-General an opportunity to be heard on the merits of the question; that is, whether the widow has the right under the terms of the will to appoint coexecutors to act with her. After considering the argument of the Attorney-General, the court remains of the opinion that she does.
In the will the widow is appointed sole executrix and is authorized to appoint an individual or individuals or a bank or trust company to act in her place if she ceases to act. Had the testator authorized the widow to appoint only one executor to act in her place, clearly she could not appoint a coexecutor to act with her. The will in that case would contemplate but a single executor. That, however, is not this case. Here the widow was given a much broader authority. She could act as sole executrix if she wished to do so or, instead, she could appoint any number of individuals of her own choosing. Such authority must be deemed to include the authority to appoint others to act with her. Obviously, except to the extent that he wished his widow to have the right to act alone, the testator was not concerned with how many persons would act as executor or who they would be. He preferred to leave such determinations to his widow’s discretion. In these circumstances it would be unreasonable to hold that he intended to require her to either act alone or not at all. To read the will otherwise would be to put form above substance and would be contrary to the general and manifest intention of the testator to let his wife decide who should administer the estate.